IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00908-GPG

JAMES FAIRCLOTH,

    Plaintiff,

v.

COLO. DEPT. OF CORRECTIONS - CDOC,
RICK RAEMISCH, Executive Director of CDOC,
MICHAEL MILLER, Warden of Crowley Corr. Fac.,
DAVE ZUPAN, Asst. Warden of Crowley Corr. Fac.,
DAMON HININGER, CEO of C.C.A.,
CORRECTIONS CORPORATION OF AMERICA,
IAN HOLCOMB, Crowley Mailroom Personnel Chief, and
LT. BAZONA, Mailroom Lt. @ CMC-FMCC,

    Defendants.

---

**ORDER DENYING MOTION**

---

This matter is before the Court on "Petitioner/Plaintiff's Application for Injunctive Relief" (ECF No. 5) filed *pro se* by Plaintiff James Faircloth on April 25, 2016. The Court must construe the motion liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Faircloth is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility. He has filed a Prisoner Complaint (ECF No. 1) claiming that his First Amendment rights were violated when

Defendants retaliated against him by placing him on a postage restriction of no more than $2.00 per month in outgoing legal mail postage pursuant to the policy of the Colorado Department of Corrections.  He also claims that Defendants have violated his Fourteenth Amendment due process and equal protection rights by stopping his outgoing mail based on his indigent *pro se* status.

In the motion, Mr. Faircloth seeks preliminary injunctive relief to enjoin Defendants from "utilizing sec. (a) and (b) of A.R. 300-38, sec. IV – Procedures at subsection B-8, for Good Cause of protecting this Petitioner's and other Indigent Petitioners' Constitutional 1st Amendment rights of Access to meaningful and adequate ability to litigate their Redresses before the Courts during the Course of litigations even if it does set one back Credit wise – Debit to Inmate Account." (ECF No. 5 at 2).  He further seeks to prevent "defendants from further harm to Access to Courts, meaning fully and adequately, without interruption and retaliation and hindrance, obstruction against those whom challenge or oppose the processes used by Defendants as this Plaintiff has litigated in 14cv464 REB KLM, 15cv513 GPG and the Criminal Cases he is a defendant in for Cases 08CR329 and 08CR1222, which are still ongoing along with 10 other cases which Plaintiff has a right to access the Courts for relief." (*Id.* at 4).  He alleges that he "will continue to suffer stoppage of his litigation mail and will lose his Cases unfairly as a result when he deserves the merit to be adjudged fairly and Correctly." (*Id.* at 3).

A party seeking a preliminary injunction must show:  (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues;

(3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. See *id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Faircloth "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not

theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Faircloth "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Faircloth fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. Most importantly, Mr. Faircloth fails to allege specific facts that demonstrate he will suffer irreparable injury if no preliminary injunction or temporary restraining order is issued. Mr. Faircloth also fails to allege specific facts in support of his claims that demonstrate a substantial likelihood of prevailing on the merits in this action. Accordingly, it is

ORDERED that "Petitioner/Plaintiff's Application for Injunctive Relief" (ECF No. 5) is denied.

DATED at Denver, Colorado, this  2nd  day of   May           , 2016.

BY THE COURT:

  s/Lewis T. Babcock           
LEWIS T. BABCOCK, Senior Judge
United States District Court